Case 1:15-cv-00374-LY   Document 209   Filed 06/28/19   Page 1 of 8

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | |
|---|---|
| CITY OF PONTIAC GENERAL EMPLOYEES' RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated, | Case No. 1:15-cv-00374-LY |
| Plaintiff, | CLASS ACTION |
| vs. | The Honorable Lee Yeakel |
| DELL INC., ET AL., | |
| Defendants. | |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO EXCLUDE THE EXPERT REPORT AND TESTIMONY OF VALERIE DAVISSON**

Plaintiff cannot carry the burden of demonstrating how the opinions and testimony of Valerie Davisson are relevant and reliable. Davisson lacks the specialized knowledge and experience to speak on behalf of Dell's analyst and investor community and she can cite to no actual Dell analyst or investor who shares her views. Her opinions and testimony should be excluded.

**I.       Davisson Lacks The Relevant Knowledge And Experience To Offer Opinions.**

As previously explained, Davisson does not have sufficient knowledge or experience to opine on: (1) what Dell investors and analysts thought was "important" regarding Dell; or (2) her theory that a lack of "color" on Dell's Q1FY13 guidance gave market participants "a misleading picture" of Dell. (Davisson Mot. at 1-8.) Davisson has never worked for a computer company like Dell. (*Id.* at 3.) As an analyst, she never followed Dell, any Dell competitor, or any other company in the Information Technology sector. (*Id.* at 2.) She never invested in Dell or advised others on Dell investments. (*Id.*) She has not spoken to any Dell analysts or investors and she can point to no discussion from any contemporaneous analyst or industry reports corroborating her views on what was in the mind of Dell investors or analysts. (*Id.* at 3.) Worse still, she ignores the only Dell analyst to testify in this case, presumably because her views are contrary to those of Davisson. (*Id.*)

Plaintiff characterizes Defendants' objections as a generalized attack on Davisson's "qualifications." (Opp. at 1-4.) But Defendants did not argue that Davisson was unqualified to offer *any* opinions based on her time as an analyst. Defendants argued instead that the specific opinions described above – that target the thought processes and understanding of Dell's investors and analysts – are inadmissible because they are based on nothing more than Davisson's "say so." (Davisson Mot. at 7.)

1

Plaintiff cannot point to any relevant specialized knowledge or experience that Davisson personally possesses that would allow her to reliably draw conclusions regarding the mindset of Dell's analysts and investors. (*Id.* at 2-3.) All Plaintiff can do is point to Davisson's experience with other companies and industries unrelated to Dell. (*See* Opp. at 1-3.) If Plaintiff wishes to rely on any "specialized knowledge" supposedly gleaned from Davisson's prior life as an analyst, it must be able to show that this knowledge and experience is directly relevant to the issues in the case. *See Tanner v. Westbrook*, 174 F.3d 542, 548-49 (5th Cir. 1999) (finding trial court abused discretion in permitting expert to testify regarding the cause of disease where expert had no background in studying that disease). Plaintiff cannot do so, and an expert's **general** experience as a stock analyst or in the "securities industry" is not enough. *See, e.g., In re Zonagen, Inc. Sec. Litig.*, 322 F. Supp. 2d 764 (S.D. Tex. 2003); *United States v. Schiff*, 538 F. Supp. 2d 818 (D.N.J. 2008)); *see also Primavera Familienstifung v. Askin*, 130 F. Supp. 2d 450, 530 (S.D.N.Y. 2001) (rejecting the "broad contention" that general "insights [gained] from [expert's] experience in the securities industry" was a sufficient basis for opinions where expert lacked relevant experience in the "specific sector" at issue in the case).[1]

Davisson's limited experience at Allied Signal is also of no help. Plaintiff argues that Davisson "gained experience developing internal forecasts and guidance" at AlliedSignal, which gives her "unique insight into . . . how information is relayed to Wall Street." (Opp. at 2.) Davisson testified to the exact opposite. While at Allied Signal, Davisson said she "***was not involved at all in determining what guidance was . . . given to the [S]treet or what information***

---

[1] Plaintiff tries in vain to distinguish *Zonagen,* but the fact that the rejected testimony dealt with price impact is irrelevant. (Opp. at 3-4.) The central holding in *Zonagen* is that the expert could not testify where, like Davisson, he lacked specialized knowledge related to the particular industry and company at issue. *See* 322 F. Supp. 2d at 778.

2

*would be disclosed to the [S]treet."* (Davisson Dep. at 195.) Davisson also had no role in the development of any internal forecasts or targets at Allied Signal. (*See id.* at 36.) All she did was track how actual financial results compared to forecasts *prepared by someone else*.[2]

## II. Davisson Has No Support For Her Beliefs Regarding Dell Analysts And Investors.

Plaintiff points to no evidentiary support for Davisson's speculation on what analysts and investors knew or would have wanted to know about Dell. (Davisson Mot. at 2, 6). Expert opinions like Davisson's that are based on "insufficient information," "subjective belief" and "unsupported speculation" are both unreliable and inadmissible. *Paz v. Brush Engineered Materials, Inc.*, 555 F.3d 383, 388 (5th Cir. 2009). Plaintiff does not dispute that, when Davisson purports to speak to what Dell investors and analysts would have viewed as "important," *she cannot cite to a single analyst or industry report* corroborating those claims, despite counsel's grandiose assertion that she reviewed "hundreds" of documents.[3] Instead, Davisson does exactly what experts are not allowed to do – she offers opinions "beyond h[er] area of knowledge and ha[ving] no basis in the facts." *Whitney Nat'l Bank v. Air Ambulance by B&C Flight Mgmt.*, 516 F. Supp. 2d 802, 817 (S.D. Tex. 2007).

Plaintiff points to Davisson's citation to a small number of reports which it claims show "analysts' reactions" to Dell's earnings calls (Opp. at 4), but those reports have nothing to do with Davisson's theory that information supposedly *unknown to investors and analysts* would have been "important" to them. The critical point here is that Davisson lacks any support from analyst reports for the specific opinions Defendants have challenged – namely, Davisson's claim

---

[2] Davisson's experience years later in the annual planning process of a small, private company (Opp. at 3) does not qualify as relevant experience.

[3] Appendix B to Davisson's report lists only 28 analyst or industry reports. But, *if* Davisson has in fact reviewed "hundreds" of reports on Dell and still could not find a single one that corroborates her opinions, that is further proof that her opinions should be excluded.

3

that she can speak for all Dell analysts and investors on what would have been "material" to them. (Davisson Mot. at 2-3).[4]

### III. The Jury Does Need Davisson's Help "Interpreting" Dell's Internal Documents.

As noted previously, Davisson's reports largely regurgitate the factual record in the case by summarizing or quoting Dell internal documents and related deposition testimony that is in no need of further interpretation or explanation. (Davisson Mot. at 9-10.) Even if the documents and testimony did *not* speak for themselves, Davisson would not be the right person to provide assistance. Her complete lack of experience with computer companies, Dell specifically, or the PC industry in general means that she has no specialized knowledge or experience that would be of any help in "translating" documents for the jury's benefit. (*Id*.)

Plaintiff claims that *United States v. Schiff*, 538 F. Supp. 2d 818, 845 (D.N.J. 2008), supports Davisson's recitation on internal communications, but that is not the case. In *Schiff*, the expert was permitted to testify regarding "what information was important to investors" based on "***summariz[ing] information available from analyst reports***." *Id.* And the court specifically rejected what Davisson attempts to do here – *i.e*., "opin[ing] on what analysts subjectively knew or did not know" when the expert lacks the "expertise necessary." *Id.* at 846.

---

[4] Defendants also previously challenged Davisson's opinions on the "importance" of information as improper legal conclusions on "materiality." Even if one assumes, as Plaintiff suggests, that opinions on materiality are permissible so long as one does not use the word "material," Davisson's views must still be excluded. Plaintiff cannot point to a single case where an expert has been allowed to testify regarding the "importance" of information to a particular group of investors or analysts and that expert was neither a member of the relevant group nor could he or she point to any contemporaneous corroborating evidence of the group's understanding and beliefs. *In re BankAtlantic Bancorp, Inc. Sec. Litig.*, 2010 WL 6397500 (S.D. Fla. Aug. 18, 2010), is not to the contrary. *See id.* at *11 (expert's testimony grounded in, among other things, the "recognition by market analysts of the materiality of the information *as reflected in their reports and conference calls.*").

4

## IV.     Davisson's "Color" Argument Is Not Admissible.

Davisson's opinion that Dell failed to provide sufficient "color" on the Q1FY13 guidance is inadmissible *not only* because, as explained above, Davisson lacks the relevant knowledge and experience to offer such views, but because Davisson is essentially opining that Dell's failure to include color violated the securities laws. (*See* Davisson Mot. at 6.) This is an impermissible legal conclusion, a point which Plaintiff chooses not to address. Moreover, Davisson has disavowed any intent to comment on Dell's disclosure duties, agreeing that she is not a disclosure expert and that she has done nothing to analyze or evaluate Dell's process for preparing the forecast underlying the guidance. (Davisson Dep. at 84, 155-56.) Because she has done nothing to investigate how Dell came up with its guidance or what various inputs were considered, she should not be allowed to offer the opinion that certain information was not adequately considered or made the guidance more challenging. (Davisson Mot. at 7.)[5] Plaintiff also tries unsuccessfully to defend Davisson's "color" opinions as timely – yet it is impossible to reconcile that position with the fact that ***all eight examples*** of the "missing" color provided at Davisson's deposition are nowhere described in her reports.

\*     \*     \*

For the reasons in Defendants' opening brief and set forth above, Defendants respectfully request that the Court exclude Davisson's opinions and testimony.

---

[5] Plaintiff's sole argument to the contrary is based on a hypothetical, which Plaintiff claims illustrates how Davisson's testimony is proper. (Opp. at 8 n.13.) This hypothetical is, however, based on the inaccurate premise that something about Dell's financial prospects changed in a material adverse way between the date the guidance was finalized and the date it was made public. There is no evidence in the record to support such a claim.

DATED: June 28, 2019.                    ALEXANDER DUBOSE & JEFFERSON LLP

By:   */s/ Marcy Hogan Greer*
      Marcy Hogan Greer (Texas Bar No. 08417650)
      515 Congress Avenue, Suite 2350
      Austin, Texas 78701
      Tel: 512-716-8310
      Fax: 512-482-9303
      mgreer@adjtlaw.com

      ALSTON & BIRD LLP
      John L. Latham (admitted *pro hac vice*)
      Susan E. Hurd (admitted *pro hac vice*)
      Andrew T. Sumner (admitted *pro hac vice*)
      Christina E. Bortz (admitted *pro hac vice*)
      One Atlantic Center
      1201 West Peachtree Street
      Atlanta, Georgia 30309
      Tel: 404-881-7000
      Fax: 404-881-7777
      john.latham@alston.com
      susan.hurd@alston.com
      andy.sumner@alston.com
      christina.bortz@alston.com

      *Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

    I hereby certify that on this 28th day of June, 2019, I electronically filed the foregoing Defendants' Reply in Support of Their Motion to Exclude the Expert Report and Testimony of Valerie Davisson with the Clerk of Court using the CM/ECF system, which will automatically send notification of such filing upon Counsel of Record.

                                  ALEXANDER DUBOSE JEFFERSON LLP

By: */s/ Marcy Hogan Greer*
      Marcy Hogan Greer
      (Texas Bar No. 08417650)