

FILED
JAN 10 2020
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY
DEPUTY CLERK

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF TEXAS

AUSTIN DIVISION

| | | |
|---|---|---|
| CITY OF PONTIAC GENERAL EMPLOYEES' RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>DELL INC., et al.,<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Case No. 1:15-cv-00374-LY<br><br>CLASS ACTION<br><br>The Honorable Lee Yeakel |

**ORDER AND FINAL JUDGMENT**

Case 1:15-cv-00374-LY Document 232-1 Filed 01/03/20 Page 2 of 20

On the 10th day of January, 2020, a hearing having been held before this Court pursuant to the Order Preliminarily Approving Settlement and Providing for Notice dated September 26, 2019 (the "Preliminary Approval Order"), to determine: (1) whether the terms and conditions of the Stipulation of Settlement, dated September 13, 2019 (the "Stipulation"), are fair, reasonable, and adequate for the settlement of all claims asserted by the Class against the Defendants in the operative complaint now pending in this Court under the above caption (the "Litigation"), including the release of the Released Defendant Parties, and should be approved; (2) whether judgment should be entered dismissing the Litigation on the merits and with prejudice in favor of the Defendants herein and as against all persons or entities who are Members of the Class herein who have not timely and validly requested exclusion therefrom; (3) whether to approve the Plan of Allocation as a fair and reasonable method to allocate the Settlement proceeds among the Members of the Class; and (4) whether and in what amount to award Lead Plaintiff's Counsel fees and expenses and Lead Plaintiff's expenses. The Court having considered all matters submitted to it at the hearing and otherwise; and it appearing that a notice of the hearing, substantially in the form approved by the Court, was mailed to all individuals and entities, reasonably identifiable, who purchased or otherwise acquired Dell Inc. ("Dell") publicly traded common stock during the period between February 22, 2012 and May 22, 2012, inclusive (the "Class Period"), as shown by the records compiled by the Claims Administrator in connection with its mailing of the Notice, at the respective addresses set forth in such records, and that a summary notice of the hearing, substantially in the form approved by the Court, was published pursuant to the Preliminary Approval Order as set forth in the Declaration of Carole K. Sylvester, and the Declaration of Mishka Ferguson; and the Court having considered and determined the fairness and reasonableness of the award of attorneys' fees and expenses requested by Lead Counsel; and all capitalized terms used herein having the meanings set forth and defined in the Stipulation.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. The Court has jurisdiction over the subject matter of this Litigation and all matters relating to the Settlement, as well as personal jurisdiction over the Lead Plaintiff, all Class Members, and Defendants.

2. Notice of the pendency of this Litigation as a class action and of the proposed Settlement was given to all Class Members who could be identified with reasonable effort. The Court finds that the form and method of notifying the Class of the pendency of this Litigation as a class action and of the terms and conditions of the proposed Settlement: (a) were implemented in accordance with the Preliminary Approval Order; (b) constituted the best notice practicable under the circumstances; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise Class Members of (i) the pendency of the Litigation; (ii) the effect of the proposed Settlement (including the releases to be provided thereunder); (iii) Lead Counsel's application for fees and expenses and Lead Plaintiff's expenses; (iv) their right to object to any aspect of the Settlement, the Plan of Allocation, and/or Lead Counsel's application for fees and expenses and Lead Plaintiff's expenses; (v) the right to exclude themselves from the Class; and (vi) their right to appear at the Settlement Hearing; (d) constituted due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (e) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), Section 21 of the Securities Exchange Act of 1934, 15 U.S.C. §78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), 15 U.S.C. §78u-4, *et seq.*, as amended, and all other applicable laws and rules. No Class Member is relieved from the terms of the Settlement, including the releases provided for therein, based upon the contention or proof that such Class Member failed to receive actual or adequate notice. A full opportunity has

been offered to the Class Members to object to the proposed Settlement and to participate in the hearing thereon.

3.  Pursuant to, and in accordance with, Rule 23 of the Federal Rules of Civil Procedure, the Court hereby fully and finally approves the Settlement set forth in the Stipulation in all respects (including, without limitation, the amount of the Settlement, the releases provided for therein, and the dismissal with prejudice of the claims asserted in the Litigation), and finds that the Settlement is, in all respects, fair, reasonable, adequate, and in the best interests of the Class. Subject to the terms and provisions of the Stipulation and the conditions therein being satisfied, the parties are directed to consummate the Settlement.

4.  Except as to any individual claim of those Persons who have validly and timely requested exclusion from the Class (identified in Exhibit A hereto), all of the claims asserted in the Litigation, as well as all of the Released Claims (including, without limitation, Unknown Claims), are hereby dismissed in their entirety with prejudice as to the Releasing Plaintiff Parties and as against each and all of the Released Defendant Parties. The Settling Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Stipulation.

5.  The terms of the Stipulation and of this Judgment shall be forever binding on Lead Plaintiff, Defendants, and all other Class Members (regardless of whether or not any individual Class Member submits a Proof of Claim or seeks or obtains a distribution from the Net Settlement Fund), as well as their respective successors and assigns. The Persons identified on Exhibit A hereto are excluded from the Class pursuant to request and are not bound by the terms of the Stipulation or this Judgment.

6.  The releases as set forth in ¶¶4.1-4.4 of the Stipulation (the "Releases"), together with the definitions contained in ¶¶1.1-1.33 relating thereto, are expressly incorporated herein in all respects. The Releases are effective as of the Effective Date.

7. Upon the Effective Date, Lead Plaintiff and each and all of the Releasing Plaintiff Parties who have not timely opted out of the Class, and anyone claiming through or on behalf of any of them are hereby permanently barred and enjoined from the commencement, institution, prosecution, or maintenance against Defendants or any Released Defendant Parties in any state or federal court or arbitral or administrative forum, or in the court of any foreign jurisdiction, of any and all Released Claims (including, without limitation, Unknown Claims), as well as any other claims arising out of, relating to or in connection with, the defense, settlement, or resolution of the Litigation or the Released Claims, regardless of whether such Class Member executes and delivers a Proof of Claim.

8. Upon the Effective Date, Lead Plaintiff shall, and each of the Releasing Plaintiff Parties shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, discharged, and dismissed all Released Claims against the Released Defendant Parties. Lead Plaintiff and the Releasing Plaintiff Parties are bound by this Judgment, including, without limitation, the release of claims as set forth in the Stipulation. The Released Claims are hereby compromised, settled, released, resolved, relinquished, waived, discharged, and dismissed as against the Released Defendant Parties on the merits and with prejudice by virtue of the proceedings herein and this Judgment.

9. Upon the Effective Date, each of the Released Defendant Parties shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged Lead Plaintiff, each and all of the Class Members, and Lead Plaintiff's Counsel from all claims (including, without limitation, Unknown Claims) arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement, or resolution of the Litigation or the Released Defendants' Claims.

10. Neither this Judgment, the Stipulation (whether or not consummated), including the Exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), nor any of their terms and provisions, nor any of the negotiations, discussions, or proceedings connected with the Stipulation, nor any act performed or document executed pursuant to or in furtherance of the Stipulation, or the Settlement (including any arguments proffered in connection therewith), nor any of the documents or statements referred to therein nor any payment or consideration provided for therein, shall be:

(a) offered or received against the Released Defendant Parties as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by any of the Released Defendant Parties with respect to the truth of any fact alleged by the Lead Plaintiff or the validity of any claim that has been or could have been asserted in this Litigation or in any other litigation alleging a Released Claim, or the deficiency of any defense that has been or could have been asserted in this Litigation or in any other litigation alleging a Released Claim, or of any liability, negligence, fault, or wrongdoing of any kind of the Released Defendant Parties;

(b) offered or received against the Released Defendant Parties as evidence of a presumption, concession or admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by any of the Released Defendant Parties;

(c) offered or received against the Released Defendant Parties as evidence of a presumption, concession, or admission with respect to any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of the Released Defendant Parties, in any other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; provided, however, that the Released Defendant Parties may refer to it to effectuate the liability protection granted them hereunder;

(d) construed against the Released Defendant Parties, Lead Plaintiff, or the Class as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial or in any proceeding other than this Settlement; or

(e) construed as or received in evidence as an admission, concession, or presumption against Lead Plaintiff or any of the Class Members that any of their claims are without merit, or that any defenses asserted by the Released Defendant Parties have any merit or that damages recoverable under the operative complaint would not have exceeded the Settlement Fund.

11. Notwithstanding the provisions of the preceding paragraph, the Released Defendant Parties and their respective counsel may refer to or file the Stipulation and/or this Judgment in any action that may be brought against them in order to support a defense, claim, or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim or otherwise to enforce the terms of the Settlement.

12. The Court finds that Defendants have satisfied their financial obligations under the Stipulation by paying or causing to be paid $21,000,000.00 to the Settlement Fund.

13. The Court finds and concludes that the Lead Plaintiff, Lead Plaintiff's Counsel, Defendants, and Defendants' Counsel have complied with each requirement of Rule 11(b) of the Federal Rules of Civil Procedure in connection with the institution, prosecution, defense, and/or settlement of this Litigation.

14. Any Plan of Allocation submitted by Lead Counsel or any order entered regarding any attorneys' fee and expense application shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment. Separate orders shall be entered regarding approval of a plan of allocation and Lead Counsel's application for an award of attorneys' fees and expenses.

15.	Any appeal or any challenge affecting the approval of: (a) the Plan of Allocation submitted by Lead Counsel; and/or (b) this Court's approval regarding any attorneys' fee and expense applications shall in no way disturb or affect the finality of the other provisions of this Judgment nor the Effective Date of the Settlement.

16.	Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of the Settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining application for attorneys' fees and expenses in the Litigation; and (d) all parties hereto for the purpose of construing, enforcing and administering the Settlement.

17.	In the event that the Settlement does not become Effective in accordance with the terms of the Stipulation, or is terminated pursuant to ¶7.3 of the Stipulation, ¶¶7.5, 7.6 and 7.7 of the Stipulation shall apply and this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and may not be introduced as evidence or reflected in any action or proceeding by any person or entity, and each party shall be restored to his, her or its respective position as it existed prior to July 26, 2019.

18.	Without further order of the Court, the parties to the Stipulation are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any Exhibits attached thereto to effectuate the Settlement that: (a) are not materially inconsistent with this Judgment; and (b) do not materially limit the rights of Class Members in connection with the Settlement. Without further order of the Court, the parties to the Stipulation may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

Case 1:15-cv-00374-LY Document 232-1 Filed 01/03/20 Page 9 of 20

19. The Court has reviewed and considered the objection to the Settlement submitted by Oleg Ariyevich, and finds it to be without merit. Therefore, the objection is overruled in its entirety.

20. There is no just reason for delay in the entry of this Judgment as a final judgment in this Litigation and immediate entry by the Clerk of the Court is expressly directed.

DATED: January 10, 2020.

THE HONORABLE LEE YEAKEL
UNITED STATES DISTRICT JUDGE

# EXHIBIT A




Case 1:15-cv-00374-LY Document 232-1 Filed 01/03/20 Page 11 of 20

# Exclusion Cover Page

Case Name: Dell Inc.

Case Code: DSR

Exclusion Deadline: December 20, 2019 (Postmarked)

Name of Person Filing Exclusion: Carol T Fort

Case 1:15-cv-00374-LY Document 232-1 Filed 01/03/20 Page 12 of 20

**Carol T. Fort**

December 8, 2019

Dell Securities Settlement
Claims Administrator
c/o Gilardi & Co. LLC
EXCLUSIONS
4401 Kerner Blvd.
San Rafael, CA 94901

RE: City of Pontiac General Employees' Retirement System vs. Dell. Dell Class Action Suit, Case No. 1:15-cv-00374LY.

Dear Dell Securities Settlement,

I am writing in response to your notice as to the above proposed Dell settlement of class action. My records indicate that I did own Dell stock as of January 2012, but I do not believe that I am included in the proposed settlement as a member of the class since I did not purchase or acquire Dell stock between February 22, 2012 and May 22, 2012.

If you have any information contrary to that please contact me.

Otherwise:

I request exclusion from the Class in the Dell Securities Settlement.

Thank you very much.

Sincerely,

Carol T. Fort



Ms. Carol Fort

BALTIMORE MD 212
09 DEC 2019 PM 7 L

RECEIVED GE
DEC 16 2019
CLAIMS CENTER

Dell Securities Settlement
Claims Adminstrator
c/o Gilardi + Co. LLC
EXCLUSIONS
4401 Kerner Blvd.
San Rafael, CA 94901

94901$9999




*DSR-EXCL00002*

RECEIVED
DEC 23 2019
CLAIMS CENTER

# Exclusion Cover Page

Case Name: Dell Inc.

Case Code: DSR

Exclusion Deadline: December 20, 2019 (Postmarked)

Name of Person Filing Exclusion: Christopher R Wurtz

Case 1:15-cv-00374-LY Document 232-1 Filed 01/03/20 Page 15 of 20

*Dell Securities Settlement*
Claims Administrator
c/o Gilardi & Co. LLC
EXCLUSIONS
3301 Kerner Blvd.
San Rafael, CA 94901

Robbins Geller Rudman & Dowd LLP
Ellen Gusikoff Stewart
655 West Broadway, Suite 1900
San Diego, CA 92101

Alston & Bird LLP
John L. Latham
1201 West Peachtree Street, Suite 4900
Atlanta, GA 30309

Re: Request exclusion from the Class in the *Dell Securities Settlement* City of Pontiac General Employees' Retirement System v. Dell Inc., et al Case No. 1:15-cv-00374-LY

Dear Sir or Madam:

I request exclusion from the Class in the *Dell Securities Settlement* as I am not a qualified Class Member pursuant to the Class Period set forth by The Court for acquisition of *Dell* common Stock **between February 22, 2012 and May 22, 2012 inclusive.**

I owned 42 shares of *Dell* common stock during the Class Period that was in custodial care of *Edward Jones*. I did not purchase any additional *Dell* common stock, nor did I sell any *Dell* common stock during the Class Period.

Name: Christopher R. Wurtz

Address: [redacted]

Phone Number: [redacted]

Shares Owned: 42

Shares Traded: 0

Dated: December 19th 2019

Signature: Christopher R Wurtz

Printed: Christopher R Wurtz

Christopher Wurtz
7018 0680 0001 4853 6582
Dell Securities Settlement
Claims Administrator
C/O Gilardi & Co. LLC
EXCLUSIONS
3301 Kerner Blvd
San Rafael, CA 94901
RECEIVED
DEC 23 2019
CLAIMS CENTER
1000
94901
U.S. POSTAGE PAID
FCM LETTER
WEST FARGO, ND
58078
DEC 20, 19
AMOUNT
$4.05
R2303S104545-20
94901$4896






Case 1:15-cv-00374-LY Document 232-1 Filed 01/03/20 Page 17 of 20

# Exclusion Cover Page

Case Name: Dell Inc.

Case Code: DSR

Exclusion Deadline: December 20, 2019 (Postmarked)

Name of Person Filing Exclusion: Contrarius Investment Management Limited




**Contrarius Investment Management Limited**

Dell Securities Settlement
Claims Administrator
c/o Gilardi & Co. LLC
Exclusions
3301 Kerner Blvd.
San Rafael, CA 94901

11 December 2019

Dear Sir/Madam,

We are writing to you in order to inform you, **Contrarius Investment Management Limited** "request exclusion from the Class in the Dell Securities Settlement", (Case No. 1:15-cv-00374-LY).

As requested in the Notice of proposed settlement of Class Action, our details are:

Name: Contrarius Investment Management Limited

Address: [redacted]

Contact name: Berislav Bobus

Contact telephone number: [redacted]

We are acting on behalf of the following funds:

- Contrarius Global Equity Fund "CGEF",
- Contrarius Global Equity Fund (Ireland) "CGEFI"
- Contrarius Global Absolute Fund (Ireland) "CGAFI"

We enclose details of the trades made by the above listed entities in Dell publicly traded common stock, between February 22, 2012 and May 22, 2012.

**For and on behalf of Contrarius Investment Management Limited**

**Signed:** B Bbr ________________

**Name: Berislav Bobus**

**Position: Director**

11/12/2019

Contrarius Investment Management Ltd.

| Custodian | Broker | Shareholder of Record | Fund Code | Bloomberg Code | Equity Name | Currency | Trade Date | Settlement Date | Quantity | Price | Gross Amount |
|---|---|---|---|---|---|---|---|---|---|---|---|
| BNP Paribas | Morgan Stanley | Contrarius Investment Management Limited | CGAFI | DELL US Equity | DELL INC | USD | 23/02/2012 | 28/02/2012 | 477 | 17.4093 | 8304.2361 |
| BNP Paribas | Morgan Stanley | Contrarius Investment Management Limited | CGAFI | DELL US Equity | DELL INC | USD | 08/03/2012 | 13/03/2012 | 99 | 17.2053 | 1703.3247 |
| BNP Paribas | Morgan Stanley | Contrarius Investment Management Limited | CGAFI | DELL US Equity | DELL INC | USD | 15/03/2012 | 20/03/2012 | 549 | 17.3424 | 9520.9776 |
| BNP Paribas | Morgan Stanley | Contrarius Investment Management Limited | CGAFI | DELL US Equity | DELL INC | USD | 27/04/2012 | 02/05/2012 | -1,320 | 16.4464 | -21709.248 |
| BNP Paribas | Morgan Stanley | Contrarius Investment Management Limited | CGAFI | DELL US Equity | DELL INC | USD | 10/05/2012 | 15/05/2012 | 404 | 15.6340 | 6316.136 |
| BNP Paribas | Morgan Stanley | Contrarius Investment Management Limited | CGAFI | DELL US Equity | DELL INC | USD | 11/05/2012 | 16/05/2012 | -10,505 | 15.4732 | -162545.966 |
| BNP Paribas | Morgan Stanley | Contrarius Investment Management Limited | CGAFI | DELL US Equity | DELL INC | USD | 17/05/2012 | 22/05/2012 | -2,806 | 15.0912 | -42345.9072 |

| Custodian | Broker | Shareholder of Record | Fund Code | Bloomberg Code | Equity Name | Currency | Trade Date | Settlement Date | Quantity | Price | Gross Amount |
|---|---|---|---|---|---|---|---|---|---|---|---|
| BNP Paribas | Morgan Stanley | Contrarius Investment Management Limited | CGEF | DELL US Equity | DELL INC | USD | 23/02/2012 | 28/02/2012 | 36,081 | 17.4093 | 628144.9533 |
| BNP Paribas | Morgan Stanley | Contrarius Investment Management Limited | CGEF | DELL US Equity | DELL INC | USD | 01/03/2012 | 06/03/2012 | 88,882 | 17.3894 | 1545604.651 |
| BNP Paribas | Morgan Stanley | Contrarius Investment Management Limited | CGEF | DELL US Equity | DELL INC | USD | 08/03/2012 | 13/03/2012 | 50,933 | 17.2053 | 876317.5449 |
| BNP Paribas | Morgan Stanley | Contrarius Investment Management Limited | CGEF | DELL US Equity | DELL INC | USD | 15/03/2012 | 20/03/2012 | 29,662 | 17.3424 | 514410.2688 |
| BNP Paribas | Morgan Stanley | Contrarius Investment Management Limited | CGEF | DELL US Equity | DELL INC | USD | 29/03/2012 | 03/04/2012 | 16,368 | 16.4828 | 269790.4704 |
| BNP Paribas | Morgan Stanley | Contrarius Investment Management Limited | CGEF | DELL US Equity | DELL INC | USD | 05/04/2012 | 11/04/2012 | 9,603 | 16.5091 | 158536.8873 |
| BNP Paribas | Morgan Stanley | Contrarius Investment Management Limited | CGEF | DELL US Equity | DELL INC | USD | 12/04/2012 | 17/04/2012 | 5,160 | 16.2457 | 83827.812 |
| BNP Paribas | Morgan Stanley | Contrarius Investment Management Limited | CGEF | DELL US Equity | DELL INC | USD | 19/04/2012 | 24/04/2012 | -20,146 | 16.1417 | -325190.6882 |
| BNP Paribas | Morgan Stanley | Contrarius Investment Management Limited | CGEF | DELL US Equity | DELL INC | USD | 26/04/2012 | 01/05/2012 | 21,834 | 16.4943 | 360136.5462 |
| BNP Paribas | Morgan Stanley | Contrarius Investment Management Limited | CGEF | DELL US Equity | DELL INC | USD | 27/04/2012 | 02/05/2012 | -67,677 | 16.4464 | -1113043.013 |
| BNP Paribas | Morgan Stanley | Contrarius Investment Management Limited | CGEF | DELL US Equity | DELL INC | USD | 03/05/2012 | 08/05/2012 | 8,742 | 16.2650 | 142188.63 |
| BNP Paribas | Morgan Stanley | Contrarius Investment Management Limited | CGEF | DELL US Equity | DELL INC | USD | 10/05/2012 | 15/05/2012 | -18,135 | 15.6173 | -283219.7355 |
| BNP Paribas | Morgan Stanley | Contrarius Investment Management Limited | CGEF | DELL US Equity | DELL INC | USD | 11/05/2012 | 16/05/2012 | -606,663 | 15.4732 | -9387017.932 |
| BNP Paribas | Morgan Stanley | Contrarius Investment Management Limited | CGEF | DELL US Equity | DELL INC | USD | 17/05/2012 | 22/05/2012 | -155,127 | 15.0912 | -2341052.582 |

| Custodian | Broker | Shareholder of Record | Fund Code | Bloomberg Code | Equity Name | Currency | Trade Date | Settlement Date | Quantity | Price | Gross Amount |
|---|---|---|---|---|---|---|---|---|---|---|---|
| BNP Paribas | Morgan Stanley | Contrarius Investment Management Limited | CGEFI | DELL US Equity | DELL INC | USD | 23/02/2012 | 28/02/2012 | 3,660 | 17.4093 | 63718.038 |
| BNP Paribas | Morgan Stanley | Contrarius Investment Management Limited | CGEFI | DELL US Equity | DELL INC | USD | 01/03/2012 | 06/03/2012 | 11,130 | 17.3894 | 193544.022 |
| BNP Paribas | Morgan Stanley | Contrarius Investment Management Limited | CGEFI | DELL US Equity | DELL INC | USD | 08/03/2012 | 13/03/2012 | 2,406 | 17.2053 | 41395.9518 |
| BNP Paribas | Morgan Stanley | Contrarius Investment Management Limited | CGEFI | DELL US Equity | DELL INC | USD | 15/03/2012 | 20/03/2012 | 4,942 | 17.3424 | 85706.1408 |
| BNP Paribas | Morgan Stanley | Contrarius Investment Management Limited | CGEFI | DELL US Equity | DELL INC | USD | 29/03/2012 | 03/04/2012 | 4,867 | 16.4828 | 80221.7876 |
| BNP Paribas | Morgan Stanley | Contrarius Investment Management Limited | CGEFI | DELL US Equity | DELL INC | USD | 05/04/2012 | 11/04/2012 | 2,298 | 16.5091 | 37937.9118 |
| BNP Paribas | Morgan Stanley | Contrarius Investment Management Limited | CGEFI | DELL US Equity | DELL INC | USD | 19/04/2012 | 24/04/2012 | -3,171 | 16.1417 | -51185.3307 |
| BNP Paribas | Morgan Stanley | Contrarius Investment Management Limited | CGEFI | DELL US Equity | DELL INC | USD | 26/04/2012 | 01/05/2012 | 1,146 | 16.4943 | 18902.4678 |
| BNP Paribas | Morgan Stanley | Contrarius Investment Management Limited | CGEFI | DELL US Equity | DELL INC | USD | 27/04/2012 | 02/05/2012 | -8,121 | 16.4464 | -133561.2144 |
| BNP Paribas | Morgan Stanley | Contrarius Investment Management Limited | CGEFI | DELL US Equity | DELL INC | USD | 10/05/2012 | 15/05/2012 | -4,391 | 15.6173 | -68575.5643 |
| BNP Paribas | Morgan Stanley | Contrarius Investment Management Limited | CGEFI | DELL US Equity | DELL INC | USD | 11/05/2012 | 16/05/2012 | -90,770 | 15.4732 | -1404502.364 |
| BNP Paribas | Morgan Stanley | Contrarius Investment Management Limited | CGEFI | DELL US Equity | DELL INC | USD | 17/05/2012 | 22/05/2012 | -24,497 | 15.0912 | -369689.1264 |

BY AIR MAIL
par avion
Royal Mail®

HAPPY CHRISTMAS
BOUAN NOWÉ
JERSEY POST

HRH The Prince of Wales Investiture 1969
JERSEY

Dell Securities Settlement
Claims Administrator

c/o Gilardi & Co. LLC
EXCLUSIONS
3301 Kerner Blvd.
San Rafael, CA 94901
United States of America

RECEIVED GE
DEC 30 2019
CLAIMS CENTER